Samuel BENFORD, Jr.,
Plaintiff–Appellant,

Burrell B. Gipson, on Behalf of themselves and all others similarly situated; Darlene McCants, Plaintiffs,

v.

Anthony M. FRANK, Postmaster General, Defendant–Appellee.

No. 91–3015.

United States Court of Appeals, Sixth Circuit.

Argued July 30, 1991.

Decided Aug. 26, 1991.

Alan Belkin (argued and briefed), Shapiro, Turoff, Gisser & Belkin, Cleveland, Ohio, for plaintiff-appellant.

Kathleen A. Sutula, Asst. U.S. Atty., Cleveland, Ohio, James A. Friedman (argued and briefed), Anthony W. DuComb, U.S. Postal Service Office of Labor Law, Washington, D.C., for defendant-appellee.

Before KENNEDY and JONES, Circuit Judges, and GIBSON, Chief District Judge.*

NATHANIEL R. JONES, Circuit Judge.

Plaintiffs-appellants Samuel Benford, Jr., Burrell B. Gipson and Darlene McCants appeal the district court's grant of summary judgment in favor of defendant-appellee Anthony M. Frank, Postmaster General, in this action alleging discriminatory hiring practices. For the following reasons, we affirm the judgment of the district court.

## I.

Appellants are employees of the United States Postal Service ("Postal Service"). In this action, each named appellant alleges that he or she was unlawfully denied the position of postal inspector by the Postal Inspection Service on the basis of race, sex, or age. The Postal Inspection Service is the law enforcement division of the Postal Service, and postal inspectors perform investigative and criminal law enforcement duties for the agency. Appellants brought this suit, under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e–16(c) and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 633a, on behalf of themselves and a purported class comprising all blacks, females and persons over forty years of age who are employed by the Postal Service. The district court did not certify the class.

In 1976, pursuant to 5 U.S.C. § 3307(d), the Postal Service promulgated regulations establishing a person's thirty-fifth birthday as the latest date for either an original appointment as a postal inspector or a ranking on the register of prospective appointees. Since 1984 vacancy announcements for postal inspector positions were posted during the following periods:

July 5—July 27, 1984
March 11—April 5, 1985
October 7—November 7, 1985
June 1—July 31, 1986
June 1—July 31, 1987
August 24—September 23, 1988

Outside of the above periods, applications for postal inspector positions were not accepted or considered. In addition to filing an application during one of these periods, applicants were required to take a written examination and receive a score of 70 in order to qualify.

### Samuel Benford, Jr.

Benford is a black male over the age of 40, who has been employed as a postal police officer. Allegedly, Benford attempted to apply for the position of postal inspector. He claimed that he was not allowed to apply. Benford alleges that he was denied admission into the Postal Inspection Service on or around December 12, 1987. The record contains no evidence to show that Benford submitted an application during any of the relevant periods.

On February 12, 1988, Benford initiated "pre-complaint counseling," as required by 29 C.F.R. § 1613.213, alleging discrimination based on race, sex and age. Counseling was concluded on February 19, 1988, and he filed an administrative Equal Employment Opportunity ("EEO") complaint with the Postal Service on March 3, 1988.

Benford's EEO complaint was rejected by the Postal Service on October 3, 1988, as untimely because he failed to contact the EEO counselor within thirty days of the

---

* The Honorable Benjamin F. Gibson, Chief United States District Judge for the Western District of Michigan, sitting by designation.

alleged discriminatory event. The EEO decision also concluded that Benford was not an "aggrieved employee" under Title VII or the ADEA because he had not applied for the position of postal inspector and because the Postmaster General has the authority to set the age limit in question.

### Burrell B. Gipson

Gipson, a black male, was 35 in 1984 when he took and failed the examination for postal inspector. He asserts that the relevant act of discrimination against him occurred on November 2, 1987, when he was denied the opportunity to re-take the examination because of the age requirement. The record contains no evidence that any specific event occurred on November 2, 1987.

On November 20, 1987, Gipson initiated pre-complaint counseling, alleging that he had been discriminated against because of his race and age. Counseling was concluded on January 22, 1988, and Gipson filed an EEO complaint of race and age discrimination on February 4, 1988. On September 29, 1988, the Postal Service issued its final EEO decision rejecting Gipson's claims as untimely due to his failure to contact an EEO counselor within thirty days of receiving notice in 1984 that he had failed the examination. Further, under 29 C.F.R. § 1613.512, Gipson's age, 38, did not place him within the scope of the ADEA.

### Darlene McCants

McCants, a black female, took the postal inspector's examination on October 5, 1987. On November 12, 1987, her name was listed on a public register as having failed. On February 24, 1988, she initiated pre-complaint counseling, alleging that she had been discriminated against on the basis of her race and sex.

McCants filed an EEO complaint with the Postal Service on April 11, 1988, alleging a discriminatory act to have occurred on February 1, 1988. Upon inquiry by the EEO officer, McCants conceded that no discriminatory act occurred on February 1, 1988, but that the date was chosen in order to fall within the thirty-day period required in the regulations. She asserted that the Postal Service's discriminatory policies constitute continuing violations of the civil rights laws. The Postal Service issued a final administrative decision on October 26, 1988, rejecting McCants' continuing violations claim and finding that her complaint was untimely.

On October 31, 1988, Benford and Gipson filed a class action complaint claiming that they had sought entry into the Inspection Service during the course of their employment in the Postal Service but, although fully qualified, were continually denied such positions. Benford and Gipson alleged that the denials were discriminatorily based on their race, sex and age. On November 23, 1988, plaintiffs amended their complaint, adding Darlene McCants as a named plaintiff. The amended complaint alleged that during her employment with the Postal Service she was continually denied employment by the Inspection Service, although she was fully qualified. McCants claimed that these repeated denials were unlawfully due to her race and sex.

On January 19, 1989, the Postal Service filed a motion to dismiss or in the alternative for summary judgment. On November 9, 1990, the district court granted the motion for summary judgment and dismissed the case. This appeal followed. The issues raised on appeal are: (1) whether this court lacks jurisdiction over the appeals of Gipson and McCants; (2) whether the district court properly concluded that Benford failed to comply with the administrative process; and (3) whether the district court properly held that Benford's failure to comply with the administrative process was not saved by the continuing violation doctrine.

### II.

The first issue is whether this court lacks jurisdiction over Gipson and McCants' appeals because they were not named in the notice of appeal. We must answer this question in the affirmative.

The notice of appeal in this case reads: Notice is hereby given that Samuel Benford, Jr., et al., plaintiffs above-named, hereby appeals to the United States Dis-

trict Court for the Sixth Circuit from the final judgment granting defendant's Motion for Summary Judgment entered in this action on the 13th day of November, 1990.

J. App. at 161. Recently in *Minority Employees v. Tenn. Dept. of Emp. Sec.*, 901 F.2d 1327, 1330 (6th Cir.) (en banc), *cert. denied, Davis v. Tenn. Dept. of Emp. Sec.*, —— U.S. ——, 111 S.Ct. 210, 112 L.Ed.2d 170 (1990), this court held that "the term '*et al.*' is insufficient to designate appealing parties in a notice of appeal and that appellants must include in the notice of appeal the name of each and every party taking the appeal." As the notice of appeal in this case failed to name Gipson and McCants as parties to this appeal, we have no jurisdiction to consider appeals from these parties.

### III.

■ The next issue is whether the district court properly concluded that Benford did not initiate the administrative process within the applicable thirty-day period. Benford's claims of discrimination based on race and sex were brought under Title VII. The right to bring an action under Title VII regarding equal employment in the federal government is predicated upon the timely exhaustion of administrative remedies, as set forth in 29 C.F.R. § 1613.201 *et seq.* 29 C.F.R. § 1613.214(a)(i) requires that complaints of discrimination be brought to the attention of an EEO counselor "within 30 calendar days of the date of the alleged discriminatory event." If the problem is not resolved through counseling, the counselor issues a written notice of right to file an administrative complaint. This complaint must be filed, in writing, "within 15 calendar days after the date of receipt of the notice of the right to file a complaint." 29 C.F.R. 1613.214(a)(ii).

The district court concluded that Benford had not come forth with any evidence to show that he had actually applied for the position of postal inspector during any of the open application periods. The court, however, assumed, for the purposes of its opinion, that Benford applied during the June 1 to July 31, 1987, period. Benford

received notice of the denial of his application on December 12, 1987. Benford did not contact the EEO counselor until February 12, 1988, more than thirty days after the alleged discriminatory event.

An employee alleging Title VII violations against the federal government must bring any discriminatory complaints to the attention of an EEO counselor within thirty days of the alleged discriminatory event. 29 C.F.R. § 1613.214(a)(i). Therefore, it was incumbent upon Benford to take his complaints to an EEO counselor within thirty days of the open period in which he applied for the position of postal inspector, June 1 to July 31, 1987. Not only did Benford fail to see an EEO counselor within thirty days of the relevant open period, he also failed to see a counselor within thirty days of December 12, 1987, allegedly the day he received notice of the denial of his application. The district court did not err in finding that Benford failed to comply with the administrative process.

■ Compliance with the thirty-day period for bringing a complaint to the attention of an EEO counselor is not a jurisdictional prerequisite to filing a civil action in federal district court. *Boddy v. Dean*, 821 F.2d 346, 350 (6th Cir.1987) (citing *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393, 102 S.Ct. 1127, 1132, 71 L.Ed.2d 234 (1982)). Thus, this thirty-day requirement is subject to the principles of equitable tolling. *Id.* at 350. However, the district court found no grounds on which the thirty-day period could be held tolled, waived or estopped. As we find no error in the district court's holding, we conclude that Benford's Title VII claims based on race and sex discrimination were properly dismissed.

### IV.

Notwithstanding his failure to comply with the thirty-day requirement of § 1613.-214(a)(i), Benford claims that because the discrimination actions of which he complains are continuous in nature, he is entitled to rely upon the so-called continuing violation theory. Although Benford alleg-

es race and sex discrimination, the gravamen of his complaint rests on a claim of age discrimination. The record is devoid of any evidence supporting Benford's race and sex discrimination claims. Thus, after reviewing the record in this case with care and after the benefit of oral argument, we find it unnecessary to address Benford's continuing violation theory with respect to his race and sex claims.

■ With respect to Benford's ADEA claim, it is foreclosed by *Patterson v. United States Postal Service*, 901 F.2d 927, 930 (11th Cir.1990), where the court held that "the Postal Service's policy of refusing to appoint anyone over the age of thirty-five to postal inspector does not violate the ADEA." *See also Stewart v. Smith*, 673 F.2d 485 (D.C.Cir.1982) (holding that § 3307(d) is an exception to the ADEA for the maximum age limitations set by agencies for law enforcement officials).

### V.

Accordingly, we AFFIRM the judgment of the district court.