991 F.2d 796
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James SIMMONS, Plaintiff-Appellant,
Wayne Bland; Rodney White; Richard Tutt; James Woolfolk;
Lee Evans, Jr., Plaintiffs
v.
UNITED STATES CORRECTION CORPORATION; Don Stewart, Warden;
Marcus Stanley, Warden, Defendants-Appellees.
 No. 92-6512.
 United States Court of Appeals, Sixth Circuit.
 April 1, 1993.
 
 1
 Before NORRIS and SILER, Circuit Judges, and WEBER, District Judge.*
 
 ORDER
 
 2
 James Simmons, pro se, appeals the district court's order dismissing his civil rights action filed under 42 U.S.C. § 1983. The defendants include the United States Correction Corporation and two wardens of the Lee Adjustment Center in Beattyville, Kentucky.
 
 
 3
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 4
 Six prisoners, including Simmons, originally filed complaints alleging that the defendants deprived them of their constitutional right to freely practice the Islamic religion. Each of the six complaints was nearly identical, stating that their group was denied the right to perform religious services and activities related to worship, because the Programs Warden had consistently denied several formal requests to allocate monies and provide a budget for the group to "enrich" their programs and activities. In his complaint, plaintiff Simmons specifically requested the court to order the corporation to provide the Muslims with their own mosque and "imam," a Moslem religious leader.
 
 
 5
 On appeal, Simmons argues that the district court should not have dismissed the complaints sua sponte as frivolous pursuant to 28 U.S.C. § 1915(d), because the record shows factual disagreement between the plaintiffs and the wardens at the Lee Facility in regard to exactly what rights the plaintiffs have to freely practice their religion within the context of services and related activities. The defendants have notified the court that they will not be filing a brief.
 
 
 6
 The only appellant properly before this court is James Simmons. The five other prisoners who initially filed related complaints in district court were not included in the notice of appeal, have not signed any such notice, and are not described either in the caption or in the body of any document in this court. Therefore, the notice of appeal brings only Simmons before us for consideration of the underlying judgment. Torres v. Oakland Scavenger Co., 487 U.S. 312, 317-18 (1988); Benford v. Frank, 943 F.2d 609, 611-12 (6th Cir.1991).
 
 
 7
 Upon review, this court concludes that the district court properly dismissed this case as frivolous under § 1915(d). The Supreme Court has held that a § 1915(d) dismissal is to be reviewed for an abuse of discretion, rather than de novo. Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992); Gibson v. R.G. Smith Co., 915 F.2d 260, 261-63 (6th Cir.1990). An abuse of discretion exists when the reviewing court is firmly convinced that a mistake has been made. In re Bendectin Litigation, 857 F.2d 290, 307 (6th Cir.1988), cert. denied, 488 U.S. 1006 (1989). In considering a § 1915(d) disposition by a district court, the court of appeals should consider whether the district court dismissed the complaint with prejudice, or without leave to amend a complaint, so that frivolous factual allegations may be remedied with a more specific pleading. Denton, 112 S.Ct. at 1734.
 
 
 8
 Because the district court specifically referred to § 1915(d) in its order, a notice and opportunity to amend the complaint was not required. Harris v. Johnson, 784 F.2d 222, 224 (6th Cir.1986); Tingler v. Marshall, 716 F.2d 1109, 1111-12 (6th Cir.1983). However, because the matter was referred to a magistrate judge, Simmons was given an opportunity to object and an opportunity to amend any deficiencies in his complaint. Notwithstanding this opportunity and construing the complaint most liberally, Simmons's complaint lacks an arguable basis in law. See Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).
 
 
 9
 This court has held that the First Amendment does not require that a prison provide a Muslim religious leader at state expense. Thompson v. Commonwealth of Kentucky, 712 F.2d 1078, 1080 (6th Cir.1983). By analogy, the rationale behind Thompson applies also to providing Muslims a mosque, at state expense. Where the prisoners are permitted to practice and exercise the Islamic religion, as they are at this facility, their First Amendment rights are being satisfied. The defendants' allocation of the prison's limited monetary resources is not an unreasonable exercise of their discretion so as to violate the prisoners' rights under the First or Fourteenth Amendments.
 
 
 10
 Accordingly, the district court's order is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Herman J. Weber, U.S. District Judge for the Southern District of Ohio, sitting by designation