7 F.3d 237
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Manie WHITE, Plaintiff-Appellant,
v.
UNITED STATES POSTAL SERVICE; Anthony M. Frank, Postmaster
General, Defendants-Appellees.
 No. 92-6460.
 United States Court of Appeals, Sixth Circuit.
 Sept. 23, 1993.
 
 Before: KEITH, GUY and BATCHELDER, Circuit Judges.
 
 ORDER
 
 1
 Manie White, a pro se litigant, appeals from a judgment of the district court dismissing his discrimination action filed pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Effective October 13, 1985, White was hired by the United States Postal Service to work at the Memphis, Tennessee, Bulk Mail Center as a casual employee. On June 27, 1986, after serving two ninety-day terms of casual employment, White's employment ceased. On June 27, 1991, White filed a complaint in the district court alleging discrimination based upon race, color, and religion. Defendants moved for dismissal pursuant to Fed.R.Civ.P. 12(b)(1), (2), and (6), arguing, among other things, that White's complaint should be dismissed as he had failed to exhaust his administrative remedies in a timely manner.
 
 
 3
 The district court considered matters outside the pleadings and, therefore, treated defendants' motion as one for summary judgment. See Fed.R.Civ.P. 12(b). The district court determined that White's failure to bring the complained-of incidents to the attention of an Equal Employment Opportunity Counselor within thirty days would not be excused by the doctrine of equitable tolling as White had "offered no explanation for his tardiness." Therefore, defendants' motion for summary judgment was granted. White then filed a motion to reconsider, arguing that his physical disabilities had prevented him from pursuing his claims in a timely manner. The district court denied White's motion.
 
 
 4
 Although White's brief on appeal is in many instances unintelligible, he appears to be arguing that the district court committed error in not invoking the doctrine of equitable tolling based upon his alleged physical and mental impairment. White also requests the appointment of counsel and moves this court to order relief in the form of a seven million dollar judgment.
 
 
 5
 This court's review of a grant of summary judgment is de novo; it uses the same test as used by the district court. Brooks v. American Broadcasting Cos., 932 F.2d 495, 500 (6th Cir.1991). Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment must be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." The movant has the burden to show that the non-moving party has not established an essential element of his case upon which he would bear the ultimate burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). The non-moving party then has the burden of demonstrating that there is a genuine issue of material fact as to that essential element of his case. Id. at 324. Upon review, we are satisfied that summary judgment was appropriately granted as White failed to demonstrate that there was a genuine issue of material fact as to the issue of his failure to exhaust his administrative remedies in a timely manner.
 
 
 6
 The right to bring a Title VII action against the federal government is predicated upon the timely exhaustion of administrative remedies. Benford v. Frank, 943 F.2d 609, 612 (6th Cir.1991). Failure to timely exhaust administrative remedies is an appropriate basis for dismissal of a Title VII action against the federal government unless the doctrine of equitable tolling is properly invoked. See Irwin v. Veterans Admin., 498 U.S. 89, 93-94 (1990); Benford, 943 F.2d at 612. Equitable tolling will generally not excuse the failure to comply with procedural time requirements where the complainant does not diligently pursue his remedies. Irwin, 498 U.S. at 96 (citing Baldwin County Welcome Center v. Brown, 466 U.S.-147, 151 (1984)).
 
 
 7
 Pursuant to 29 C.F.R. § 1613.214(a)(1)(i), a complainant must bring the allegedly discriminatory incident to the attention of the Equal Employment Opportunity Counselor within thirty days. In the present case, it is undisputed that White waited over four years before seeking the attention of the Equal Employment Opportunity Counselor. We are satisfied that White has failed to show that his alleged physical and mental impairment excused his failure to diligently pursue his administrative remedies, and thus the district court did not commit error by not invoking the doctrine of equitable tolling.
 
 
 8
 Accordingly, White's request for the appointment of counsel and his motion are denied, and the judgment of the district court is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.