38 F.3d 1217
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Reginol L. WATERS, Plaintiff-Appellant,
v.
Marvin RUNYON, Postmaster General, Defendant-Appellee.
 No. 94-5299.
 United States Court of Appeals, Sixth Circuit.
 Oct. 17, 1994.
 
 Before: JONES and SILER, Circuit Judges, and GODBOLD, Senior Circuit Judge.*
 
 ORDER
 
 1
 Reginol L. Waters, a pro se Tennessee resident, appeals a district court order dismissing his civil rights complaint filed pursuant to 42 U.S.C. Sec. 2000e (Title VII). The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary and injunctive relief, Waters sued the Postmaster General alleging racial discrimination in his discharge from the United States Postal Service. The Postmaster General moved for summary judgment which Waters opposed. Upon de novo review of a magistrate judge's report, the district court granted summary judgment for the Postmaster General.
 
 
 3
 In his timely appeal, Waters essentially contends that the district court erred: 1) in failing to follow the Code of Federal Regulations; 2) in concluding that he had a representative to assist him with his EEO complaint; 3) in determining that his civil complaint was not timely; 4) in concluding that the EEO counselor's rudeness did not prejudice his case; 5) in not applying the doctrine of equitable tolling to waive his late EEO filing; and 6) in determining that he had not been precluded from filing a timely EEO appeal. He requests oral argument, leave to proceed in forma pauperis, appointed counsel, and a transcript at government expense.
 
 
 4
 This court's review of a grant of summary judgment is de novo. See EEOC v. University of Detroit, 904 F.2d 331, 334 (6th Cir.1990). Summary judgment is proper if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).
 
 
 5
 Upon review, we conclude that Water's claim against the Postmaster General was untimely. It is undisputed that Waters received notice of his final interview on July 28, 1992. Waters did not file his formal EEO complaint until August 18, 1992. Under 29 C.F.R. Sec. 1613.214(a)(ii), a federal employee has fifteen days from the receipt of the Notice of Final Interview to file a formal EEO complaint. Water's EEO complaint was filed six days beyond the fifteen day deadline set forth in Sec. 1613.214(a)(ii). The timely filing of an administrative complaint is a procedural prerequisite to the enforcement of a Title VII action in the federal courts. See Benford v. Frank, 943 F.2d 609, 612 (6th Cir.1991); Rasimas v. Michigan Dep't of Mental Health, 714 F.2d 614, 620 (6th Cir.1983), cert. denied, 466 U.S. 950 (1984). However, this is not a jurisdictional requirement; rather it is in the nature of a statute of limitations and may be subject to waiver, estoppel, and equitable tolling. Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982).
 
 
 6
 The evidence before the court establishes that the Postmaster General did not waive the fifteen day filing requirement in the district court. Further, Waters has not presented any valid reason to waive the fifteen day filing deadline established by Sec. 1613.214(a)(ii). Therefore, Waters's EEO complaint was untimely filed.
 
 
 7
 As to Waters's remaining arguments, we conclude that these arguments are wholly without merit. Waters's attempts to excuse the late filing of his EEO complaint are simply not supported by the record.
 
 
 8
 Accordingly, we deny the request to proceed in forma pauperis as moot, deny the remaining requests for relief, and affirm the district court's order. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable John C. Godbold, Senior Circuit Judge for the United States Court of Appeals for the Eleventh Circuit, sitting by designation