47 F.3d 1170
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert A. PRICE, Jr., Plaintiff-Appellant,
v.
Marvin RUNYON, Postmaster General of the United States
Postal Service, Defendant-Appellee.
 No. 94-3750.
 United States Court of Appeals, Sixth Circuit.
 Jan. 31, 1995.
 
 Before: CONTIE, RYAN and SILER, Circuit Judges.
 
 ORDER
 
 1
 Robert A. Price, Jr., pro se, appeals a district court order granting summary judgment in favor of the defendant in this discrimination suit filed under Title VII of the Civil Rights Act of 1964. 42 U.S.C. Sec. 2000e, et seq. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).
 
 
 2
 In his complaint, Price alleged that certain employees at a Cleveland, Ohio, post office committed acts of "discrimination, wrongful discharge, perjury, harassment, conspiracy to railroad a federal employee ... assault, excessive force, unlawful arrest," and other various acts allegedly violating his civil rights. The record reveals that, on April 29, 1991, while Price was on his regular shift as an employee at the post office, he threatened supervisory personnel without provocation. This resulted in a physical altercation with four postal policemen and Price's removal from employment on June 27, 1991. The postal union filed a grievance on his behalf, and an arbitrator denied the grievance on April 4, 1992. The Merit Systems Protection Board (MSPB) denied his appeal as untimely. Price did not appeal from this decision. On April 19, 1993, Price made initial contact with an Equal Employment Opportunity (EEO) officer. The officer informed Price that there would be no resolution offered to his complaint, because he had been denied relief at arbitration and had untimely appealed to the MSPB. Although Price could have pursued this complaint further, he elected to file this federal suit, on January 4, 1994.
 
 
 3
 The district court reviewed this complaint and concluded that the court was without jurisdiction, because Price had failed to timely contact an EEO officer as required under the regulations found at 29 C.F.R. Sec. 1613.214(a)(1)(i) and 29 C.F.R. Sec. 1614.105(a)(1). The court further determined that Price had failed to exhaust his administrative remedies as required before bringing a federal suit based on employment discrimination within the federal government sector. On appeal, Price states that the reason he did not exhaust his administrative remedies and contact an EEOC representative in a timely manner was "because of circumstances beyond my control."
 
 
 4
 This court's review of a grant of summary judgment is de novo. Deaton v. Montgomery County, 989 F.2d 885, 887 (6th Cir. 1993). Summary judgment is proper if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Moore v. Holbrook, 2 F.3d 697, 699 (6th Cir. 1993). Title VII provides the exclusive judicial remedy for claims of discrimination in federal employment. Brown v. General Servs. Admin., 425 U.S. 820, 828-29 (1976). Moreover, a person who claims to have been discriminated against in violation of Title VII may not seek relief in federal court unless administrative remedies have first been exhausted. Brown, 425 U.S. at 832; Haithcock v. Frank, 958 F.2d 671, 675 (6th Cir. 1992); Benford v. Frank, 943 F.2d 609, 612 (6th Cir. 1991).
 
 
 5
 This court concludes that the district court properly dismissed this complaint for Price's failure to timely bring to the attention of an EEO counselor the complaint of discrimination, and because Price failed to exhaust his administrative remedies. There is nothing in the record to indicate that the thirty-day period found in Sec. 1613.214(a)(i) should be tolled or waived. Benford, 943 F.2d at 612.
 
 
 6
 Accordingly, the defendant's motion for summary judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.