89 F.3d 835
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Barbara D. TAYLOR, Plaintiff-Appellant,
v.
Robert RUBIN, Secretary of the Treasury, Defendant-Appellee.
 No. 95-6215.
 United States Court of Appeals, Sixth Circuit.
 June 13, 1996.
 
 1
 Before: MERRITT, Chief Judge; COLE, Circuit Judge, DUGGAN, District Judge.*
 
 ORDER
 
 2
 Barbara D. Taylor, a Tennessee citizen, requests the appointment of counsel and appeals a district court judgment dismissing her employment discrimination action. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Taylor filed a complaint and an amended complaint seeking injunctive and monetary relief and alleging that she had been discriminated against throughout her employment with the Internal Revenue Service, ultimately resulting in the termination of her employment on October 14, 1994, after 34 years of service. She mentioned that she had filed charges with the EEOC in 1980, 1991, and 1992. The district court construed the complaint as having been filed pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-16. Noting that the complaint lacked specific facts in support, particularly with regard to the exhaustion of administrative remedies, the district court on April 27, 1995, allowed Taylor twenty days to file a second amended complaint containing more specific allegations, and to attach copies of any charges filed with the EEOC and any notices of right to sue received by Taylor. The court noted that failure to comply with this order would result in dismissal of the complaint. On May 24, 1995, Taylor moved for an extension of time within which to file an amended complaint, explaining that she had been out of town during the time the district court's order was issued and the time period allowed expired. She did not tender an amended complaint with the motion for extension. No further action was taken in the case for nearly three months, until on August 14, 1995, Taylor filed a certificate of service indicating that she had again served the defendant with her original amended complaint. The district court then dismissed the action for failure to comply with the previous order. Taylor appealed, and argues that the district court erred in dismissing her case before ruling on her motion for an extension of time.
 
 
 4
 Upon review, we conclude that the district court did not abuse its discretion in dismissing this action. See Coleman v. American Red Cross, 23 F.3d 1091, 1094 & n. 1 (6th Cir.1994). Taylor was under notice that failure to comply with the court's order would result in dismissal of her complaint. See Harris v. Callwood, 844 F.2d 1254, 1256 (6th Cir.1988). Although Taylor moved for an extension of time to comply with the court's order due to her absence during the period provided, she did not tender a proposed amended complaint. Even on appeal, she has not alleged that she could amend her complaint to avoid dismissal by demonstrating the exhaustion of administrative remedies, which the district court properly pointed out was required in order to allow the filing of a federal action. See Benford v. Frank, 943 F.2d 609, 612 (6th Cir.1991).
 
 
 5
 Accordingly, the request for counsel is denied and the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Patrick J. Duggan, United States District Judge for the Eastern District of Michigan, sitting by designation