99 F.3d 1138
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Elmer B. DOWNS, Jr., Plaintiff-Appellant,
v.
Marvin T. RUNYON, Postmaster General, United States Postal
Service, Defendant-Appellee.
 No. 95-6201.
 United States Court of Appeals, Sixth Circuit.
 Oct. 24, 1996.
 
 Before: NORRIS and COLE, Circuit Judges; EDMUNDS, District Judge.*
 MEMORANDUM OPINION
 PER CURIAM.
 
 
 1
 Elmer B. Downs, Jr. appeals the district court's dismissal with prejudice of his complaint alleging discrimination under 42 U.S.C. § 2000e-16 for failure to exhaust his administrative remedies. Downs is an African-American male who works for the Louisville Post Office as a distribution clerk. On March 13, 1986, Downs submitted a suggestion to Louisville Post Office officials under the employee Suggestions and Awards Program in which he recommended the use of jumbo toilet paper rolls in all rest rooms as a cost-saving measure. Although the Postal Service declined to adopt Downs' suggestion in 1986, it switched to using jumbo toilet paper rolls in 1990 upon the suggestion of a Caucasian employee. Downs was not notified by Post Office officials that the Louisville facilities had switched to using jumbo toilet paper rolls in 1990 and never received any compensation for his 1986 suggestion.
 
 
 2
 After writing to the Louisville Postmaster to obtain compensation and recognition for his suggestion, Downs was informed on October 19, 1992 that the Postal Service could not compensate him because its use of the larger toilet tissue rolls had been triggered in 1990 by the suggestion of another employee. After Downs wrote a series of letters requesting reconsideration of the Postal Service's decision, the Postal Service informed Downs on February 9, 1994 that it would not reconsider its October 19, 1992 refusal to reward him for the implementation of the new toilet tissue system.
 
 
 3
 On February 23, 1994, Downs contacted an EEO officer, alleging that the Postal Service's refusal to reward him was racially discriminatory, and on April 21, 1994 he filed his formal EEO complaint. On June 15, 1994, the Postal Service's EEO Compliance and Appeals Coordinator dismissed Downs' EEO complaint as untimely because he failed to contact an EEO counselor with his charges of racial discrimination within thirty days of the alleged discrimination, as required by 29 C.F.R. § 1613.214(a)(1)(i). Downs filed suit in federal district court on September 9, 1994, but his suit was dismissed as untimely on December 12, 1994. He then filed an amended complaint on April 19, 1995 invoking Title VII, 42 U.S.C. § 2000e-5 et seq., as the statutory basis of his discrimination suit. However, the district court dismissed Downs' amended complaint with prejudice on June 21, 1995 for failure to exhaust his administrative remedies by not contacting an EEO counselor within thirty days of the date of the alleged discrimination.
 
 
 4
 On appeal, the issue is whether the district court erred by dismissing Downs' complaint for failure to exhaust his administrative remedies because he did not contact an EEO counselor within forty-five days (29 C.F.R. § 1614.105(a)(1))[1] of learning that the Postal Service had refused to reward him for his 1986 suggestion.
 
 
 5
 After hearing oral argument of counsel and carefully considering the record and briefs filed herein, we are not persuaded that the district court erred by dismissing Downs' complaint because Downs was required to exhaust his administrative remedies in a timely fashion before filing a Title VII suit in federal district court. Brown v. General Servs. Admin., 425 U.S. 820, 832 (1976); Benford v. Frank, 943 F.2d 609, 612 (6th Cir.1991). In order to timely exhaust his administrative remedies, Downs was required to contact an EEO counselor within forty-five days of the time that he should have reasonably suspected discrimination. 29 C.F.R. § 1614.105(a)(1); Benford, 943 F.2d at 612; Boyd v. United States Postal Serv., 752 F.2d 410, 415 (9th Cir.1985) (citing Bickham v. Miller, 584 F.2d 736, 738 (5th Cir.1978)). In the present case, Downs should have reasonably suspected discrimination, if at all, by the time he received the Postal Service's October 19, 1992 refusal to reward him. Because Downs (1) failed to contact an EEO counselor within forty-five days of the allegedly discriminatory action by the Postal Service and (2) has shown no basis for the equitable or regulatory tolling of the limitations period for contacting an EEO counselor, we AFFIRM the district court for the reasons set out in its opinion and order dated June 21, 1995.
 
 
 
 *
 The Honorable Nancy G. Edmunds, United States District Judge for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 The Code of Federal Regulations was amended effective October 1, 1992. For all discriminatory actions alleged to have occurred before October 1, 1992, a federal employee had thirty days in which to contact an EEO counselor with a charge of racial discrimination. 29 C.F.R. § 1613.214(a)(1)(i). For all discriminatory actions alleged to have occurred after October 1, 1992, a federal employee has forty-five days in which to contact an EEO counselor with a charge of discrimination. 29 C.F.R. § 1614.105(a)(1). Because we hold that Downs should have reasonably suspected discrimination no later than October 19, 1992, we have used the longer, forty-five day period in our analysis