**Perry SCHONEBOOM, Plaintiff–Appellant,**

v.

**State of MICHIGAN; Michigan Department of Corrections; John Engler, Defendants–Appellees.**

No. 01–1362.

United States Court of Appeals, Sixth Circuit.

Jan. 31, 2002.

Before JONES, DAUGHTREY, and COLE, Circuit Judges.

*ORDER*

Perry Schoneboom, a Michigan resident proceeding pro se, appeals the district court order dismissing his employment discrimination action. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary relief, Schoneboom sued the State of Michigan, his former employer the Michigan Department of Corrections (MDOC), and Governor John Engler. Schoneboom alleged that the defendants: (1) constructively discharged him from his food service position with the MDOC; (2) subjected him to sexual harassment in violation of Michigan law; (3) discriminated against him on the basis of his gender in violation of federal law; and (4) retaliated against him for filing harassment complaints in violation of state law. Schoneboom later invoked Title VII of the Civil Rights Act of 1964 and the Racketeer Influenced and Corrupt Organizations Act (RICO), and filed an amended complaint. In separate orders, the district court held that Schoneboom's RICO claim was frivolous and concluded that Schoneboom's attempt to exhaust his administrative remedies was untimely. The court declined to exercise jurisdiction over Schoneboom's state law claims.

In his timely appeal, Schoneboom argues that he timely filed his civil rights complaint and requests oral argument.

Initially, we note that Schoneboom has waived his RICO claim by not raising it on appeal. *See Enertech Elec., Inc. v. Mahoning County Comm'rs,* 85 F.3d 257, 259 (6th Cir.1996).

We review de novo a district court's decision to dismiss a complaint for failure to state a claim under Fed.R.Civ.P. 12(b)(6). *See Bloch v. Ribar,* 156 F.3d 673, 677 (6th Cir.1998); *Sistrunk v. City of Strongsville,* 99 F.3d 194, 197 (6th Cir. 1996).

Upon review, we affirm the district court's decision for the reasons stated by the district court. The timely filing of an administrative complaint is a procedural prerequisite to bringing a Title VII action in federal court. *See Benford v. Frank,* 943 F.2d 609, 612 (6th Cir.1991); *Rasimas v. Michigan Dep't of Mental Health,* 714 F.2d 614, 620 (6th Cir.1983). In a deferral state such as Michigan, a charge of discriminatory conduct must be filed with the Equal Employment Opportunity Commission (EEOC) within 300 days after the alleged unlawful act occurs. *See* 42 U.S.C. § 2000e–5(e); *EEOC v. Commercial Office Prods. Co.,* 486 U.S. 107, 111, 108 S.Ct. 1666, 100 L.Ed.2d 96 (1988). Schoneboom was terminated from his position as a food service worker in a women's prison in May 1997. According to the documents attached to his amended complaint, he contacted the Michigan Department of Civil Rights (MDCR) in October 1997, alleging that the MDOC was guilty of mismanagement. The MDCR concluded that it lacked jurisdiction over the charges. Schoneboom filed a discrimination charge with the MDCR in April 1999, which was rejected as untimely. The EEOC then issued a right-to-sue letter. Thus, Schoneboom had no discrimination charge pending until April 1999, and he filed the April 1999 discrimination charge far later than 300 days after his termination in May 1997. *See* 42 U.S.C. § 2000e–5(e); *Commercial Office Prods. Co.,* 486 U.S. at 111, 108 S.Ct. 1666. Moreover, he presented no basis for concluding that waiver, estoppel, or equitable tolling should apply to his case. *See Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 393, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982).

Construing Schoneboom's complaint in a light most favorable to him and accepting all of his factual allegations as true, he can prove no set of facts in support of his claims that would entitle him to relief. *See Sistrunk*, 99 F.3d at 197. Having found no basis for federal jurisdiction, the district court properly declined to exercise jurisdiction over Schoneboom's supplemental state law claims. *See* 28 U.S.C. § 1367(c)(3); *United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). For the foregoing reasons, we deny Schoneboom's request for oral argument and affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.