**Gregory T. HOWARD, Plaintiff–Appellant,**

v.

**SEAWAY FOOD TOWN, INC.; Spartan Stores, Inc., Defendants–Appellees.**

No. 02–4121.

United States Court of Appeals, Sixth Circuit.

April 24, 2003.

Before CLAY and GIBBONS, Circuit Judges; and DUGGAN, District Judge.*

### ORDER

Gregory T. Howard, an Ohio resident proceeding pro se, appeals the district court order dismissing his employment discrimination case construed as filed pursuant to Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e–16, et seq. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary relief, Howard sued Seaway Food Town, Inc. (Seaway), and Spartan Stores, Inc. (Spartan). In his original complaint, Howard alleged that he had worked at Seaway as a warehouseman from May 1978 to March 1994, and that Seaway wrongfully terminated him in March 1999. According to Howard, Spartan "bought out" Seaway. The district court reviewed the complaint, found it subject to dismissal for failure to state a claim, and ordered Howard to file an amended complaint setting forth a valid claim within fifteen days. Howard filed amended complaints which invoked 42 U.S.C. § 2000e–2(a) and the Fair Labor Standards Act (FLSA). Seaway moved to dismiss the case for failure to state a claim, Howard filed a response, and Seaway filed a reply. The district court granted Seaway's motion to dismiss. The court held that Howard had failed to exhaust his administrative remedies before filing suit. The court also denied Howard's motion to alter or amend the judgment and his motion to recuse.

In his timely appeal, Howard argues that the district court erred by: (1) denying his motion for immediate substitution of Judge Carr; (2) failing to address his FLSA claim; (3) not finding Seaway in contempt of court for failing to comply with the court order requiring it to file an answer or pleading by June 29, 2002; and (4) ruling that his failure to exhaust his administrative remedies barred his suit. Howard has also moved for miscellaneous relief.

This court reviews de novo a district court's decision to dismiss a suit pursuant to Rule 12(b)(6). *Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir.1998). The court must construe the complaint in a light most favorable to the plaintiff, accept all of the factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief. *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir.1996).

Upon review, we conclude that the district court properly dismissed Howard's complaint for failure to state a claim. Howard worked at Seaway as a warehouseman from May 1978 to March 1994, when he was injured. He did not return to work. Nowhere in Howard's pleadings

* The Honorable Patrick J. Duggan, United States District Judge for the Eastern District of Michigan, sitting by designation.

did he claim that he filed a discrimination charge with either the Ohio Civil Rights Commission or the Equal Employment Opportunity Commission before bringing his Title VII action. The timely filing of an administrative complaint is a procedural prerequisite to bringing a Title VII action in federal court. *Brown v. Gen. Serv. Admin.,* 425 U.S. 820, 832, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976); *Benford v. Frank,* 943 F.2d 609, 612 (6th Cir.1991). In response to Seaway's motion to dismiss, Howard argued that his failure to file a discrimination charge should be excused because he claimed Seaway did not give him notice of his termination. In his complaint, however, Howard alleged that Seaway terminated him in March 1999. Moreover, as the district court held, Howard was aware of his termination by the time he filed this action, but never filed an administrative charge. Accordingly, the district court properly dismissed Howard's complaint. *See Brown,* 425 U.S. at 832; *Benford,* 943 F.2d at 612.

Howard's argument that the district court erred by failing to address his FLSA claim is without merit. Howard mentioned the FLSA in a few of his pleadings, but never explained how it applied to his employment at Seaway. The FLSA has no bearing on a charge of racial discrimination.

Howard's argument that the district court judge should have recused himself is also without merit. Howard based his motion entirely on the judge's decision to dismiss his case. Disqualification is based on extrajudicial, rather than judicial, conduct. *See* 28 U.S.C. § 144, *Liteky v. United States,* 510 U.S. 540, 555, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994). Because Howard failed to present any valid reason for the judge to recuse, the district court did not abuse its discretion when the court denied Howard's motion. *See United States v. Sammons,* 918 F.2d 592, 599 (6th Cir.1990).

Finally, Howard's argument that the district court should not have accepted Seaway's motion to dismiss because it was untimely is without merit. Seaway's motion was timely under Fed.R.Civ.P. 6(a) and the district court properly accepted it.

For the foregoing reasons, we affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit. All pending motions are denied.