**John Joseph BROWN, Plaintiff–Appellant,**

v.

**ABBOTT LABORATORIES, Defendant–Appellee.**

No. 02–4069.

United States Court of Appeals, Sixth Circuit.

Feb. 5, 2004.

John Joseph Brown, Columbus, OH, pro se.

Elizabeth T. Smith, Vorys, Sater, Seymour & Pease, Columbus, OH, for Defendant–Appellee.

Before NELSON, GILMAN, and ROGERS, Circuit Judges.

*ORDER*

John Joseph Brown, an Ohio resident proceeding pro se, appeals the district court order dismissing his employment discrimination complaint brought under Title VII of the 1964 Civil Rights Act. 42 U.S.C. §§ 2000e–16, et seq. This case has been referred to a panel of the court pursuant to Rule 34(j)(1). Rules of the Sixth Cir-

cuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking compensatory and punitive damages. Brown sued his former employer, Abbott Laboratories Corporation (Abbott), in March 2002. Brown, an African-American, alleged that Abbott discriminated against him on the basis of race, age, and mental disability by requiring him to sign an unfair separation agreement. Abbott moved to dismiss the complaint on the grounds that Brown had not exhausted his administrative remedies before suing in federal court. On May 22, 2002, the district court ordered Brown to respond to Abbott's motion within fifteen days. Brown did not comply, and the court dismissed the case by a judgment entered August 9, 2002. Brown filed a motion to alter or amend the judgment. *See* Fed. R.Civ.P. 59(e). The district court denied the motion, noting that Brown had not explained his failure to respond to Abbott's motion and had not provided any proof that he had exhausted his administrative remedies. Brown filed a post-judgment motion under Rule 60(b). He explained that he did not respond to Abbott's motion because he believed that a hearing was necessary, and that he did not file a discrimination charge with the Equal Employment Opportunity Commission (EEOC) because he was in poor mental and physical health. The district court denied this motion, as well. Brown appeals the district court's August 9, 2002, judgment of dismissal.

On appeal, Brown reasserts his district court claims.

This court reviews de novo a district court's decision to dismiss a suit pursuant to Rule 12(b)(6). *Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir.1998); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). The court must construe the complaint in a light most favorable to the plaintiff, accept all of the factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief. *Sistrunk*, 99 F.3d at 197.

Upon review, we conclude that the district court properly dismissed Brown's complaint for failure to state a claim. The timely filing of an administrative complaint is a procedural prerequisite to bringing a Title VII action in federal court. *See Benford v. Frank*, 943 F.2d 609, 612 (6th Cir. 1991). Brown submitted no proof that he filed an administrative complaint with either the Ohio Civil Rights Commission or the EEOC before bringing his Title VII action. Moreover, there is no indication that waiver, estoppel, or equitable tolling are appropriate in this case. *See Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982). Accordingly, the district court properly held that Brown could not bring a Title VII claim against Abbott. *See Benford*, 943 F.2d at 612.

For the foregoing reasons, we affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.